# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**TRUETT BLAKE GREGORY, ET AL.**          **\*CIVIL NO. 6:11-1850**

**VERSUS**                                **\*MAGISTRATE JUDGE HILL**

**BENNETT TRUCK TRANSPORT, LLC., ET AL.  \*BY CONSENT OF THE PARTIES**

## REASONS FOR JUDGMENT

Pending before the Court is a Motion for Summary Judgment filed by defendant, Progressive Specialty Insurance Company ("Progressive"). [rec. doc. 56].  By this Motion, Progressive asserts that the policy of automobile liability insurance at issue in this case was properly canceled for non-payment of the policy premium, prior to the date of the accident which forms the basis of this litigation.  Progressive's purported insureds, Michael E. Turner ("Turner") and/or Kris Oliver ("Oliver"), have not filed Opposition to the Motion.  Plaintiffs Truett Blake Gregory and Carol Lynette Gregory (collectively "plaintiffs") filed a response in opposition to the Motion, but submitted no evidence in support of their Opposition.  Rather, plaintiffs candidly acknowledge that they are not in a position to admit or deny that the Progressive policy at issue was properly canceled, and accordingly, they purport to adopt any Opposition filed by Turner and Oliver. [rec. doc. 60].

For the reasons set forth below, the Motion for Summary Judgment  is **GRANTED**. Accordingly, Progressive Specialty Insurance Company is dismissed with prejudice from this lawsuit.

## BACKGROUND

The instant lawsuit was filed by Truett Blake Gregory and Carol Lynette Gregory in a local state court against New Hampshire Insurance Company, Bennett Truck Transport, LLC ("Bennett"), Bennett's driver, Turner, and Oliver, the driver of an escort vehicle, for the March 10, 2011 death of their daughter, Cady L. Gregory, following an automobile accident.  The accident is alleged to have occurred when the decedent drove into the rear of a truck which was stopped on the highway.  The truck, which was hauling a mobile home, is alleged to have been driven by Turner, and escorted by Oliver.  After removal of this action to this Court, plaintiffs amended their complaint adding Progressive as an additional defendant, alleging that Progressive issued an automobile policy to Turner and/or Oliver, which provided coverage for the damages sought in this lawsuit.

By the instant Motion, Progressive has provided competent Summary Judgment evidence demonstrating that, although Progressive had issued a policy of insurance to Turner, the insurance policy was canceled on September 11, 2010 for non-payment of the policy premiums.  Accordingly, Progressive did not have an insurance policy in force or effect covering either Turner or Oliver on March 10, 2011,  the date of the accident herein.

## LAW AND ANALYSIS

**Standard on Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."[1]

> Rule 56(e) provides, in pertinent part, as follows:
> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)[2], the court may: . . . (3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it . . . .

The Motion for Summary Judgment is properly made and supported.  Thus, plaintiffs may not rest upon the allegations in their pleadings, but rather must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986).  Moreover, summary judgment is mandated against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2552.

Plaintiffs have submitted no evidence in opposition to the instant Motion.  Accordingly, they have failed to demonstrate that there is a genuine issue of material fact.  Furthermore,

---

[1]Rule 56 was revised, effective December 1, 2010, "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts.  The standard for granting summary judgment remains unchanged." *See* Committee Notes, Rule 56.

[2]Rule 56(c)(1) provides, in pertinent part, as follows:
A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

plaintiffs have failed to make a showing sufficient to establish an essential element of their

case –  that Progressive had in force and effect a policy of insurance providing coverage to

Turner and/or Oliver.  Summary judgment in favor of Progressive for these reasons and those

set forth set forth in Progressive's Motion is therefore appropriate.

## CONCLUSION

Based on the foregoing reasons, the Motion for Summary Judgment [rec. doc. 56] is

hereby **GRANTED,** and accordingly, all claims asserted by plaintiffs Truett Blake Gregory

and Carol Lynette Gregory against Progressive Specialty Insurance Company are **DISMISSED**

**WITH PREJUDICE.**

Signed this 19th day of February, 2013, at Lafayette, Louisiana.

_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

4